### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHELLE M. LAVOIE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 14-1352-JWL** |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

This matter is before the court on plaintiff's "Application for Attorney Fees Under The Equal Access to Justice Act" (EAJA) (28 U.S.C. § 2412) (Doc. 31) (hereinafter EAJA Mot.). The Commissioner admits that a fee award is proper, but argues that the amount requested is unreasonable because "the amount of hours requested by Plaintiff is excessive and should be reduced to a more reasonable number." (Doc. 32, p.1) (hereinafter EAJA Resp.). The court finds Plaintiff has not met her burden to establish that the amount of time billed was reasonable. Therefore, the court PARTIALLY GRANTS Plaintiff's motion for attorney fees, allowing 35 hours at the rate of $190.62, resulting in a fee award of $6,671.70 as explained hereinafter.

**I.      Background**

Plaintiff sought review of the Commissioner's decision denying supplemental security income. (Doc. 1). The Commissioner answered and filed the transcript of record. (Docs. 9, 10). After briefing was complete, this court determined the ALJ's decision contains errors "that leave its bases unclear," and ordered that judgment be entered remanding the case for a proper evaluation. (Doc. 29, p.1) (hereinafter Ct's Opinion). Plaintiff now seeks payment of attorney fees pursuant to the EAJA,[1] 28 U.S.C. § 2412.

Plaintiff's counsel, Mr. David H. M. Gray, has established that: (1) he has represented Plaintiff pursuant to a contingency fee agreement since October 24, 2014, (2) his customary hourly rate is $300.00, and (3) he expended fifty-three and fifty-five-hundredths hours in representing Plaintiff including: (a) twenty-four and thirty-five hundredths hours deciding whether to take Plaintiff's case, preparing and filing a Complaint, and reading, researching, and writing Plaintiff's Brief in the case, (b) twenty-five and twenty-five hundredths hours reading, researching, and writing a Reply Brief, (c) one and ninety-five hundredths of an hour reading the Court's Order and preparing an EAJA fee brief, and (d) two hours researching and preparing an EAJA reply brief.

---

[1] In relevant part, the EAJA states:

    (d)(1)(A) . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

28 U.S.C. § 2412.

Plaintiff's counsel also asserts that the fee cap under the EAJA, adjusted for cost of living increases, is $190.62 per hour, and he seeks fees in the amount of $10,207.70.

## II.     Legal Standard

The court has a duty to evaluate the reasonableness of every fee request. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The EAJA requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)). The test for substantial justification is one of reasonableness in law and fact. Id. The Commissioner bears the burden to show substantial justification for her position. Id.; Estate of Smith, 930 F.2d at 1501. The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living. Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii). The Commissioner does not argue that the government's position was substantially justified.

The party seeking attorney fees bears the burden of proving that her request is reasonable and must "submit evidence supporting the hours worked." Hensley, 461 U.S. at 433, 434. The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended. Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

## III.    Discussion

### A. Arguments

The Commissioner agrees that award of a fee under the EAJA is appropriate in this case but disagrees with the amount of the fee requested. She points out that the U. S. District Courts in the District of Kansas "have routinely held that an award of 30 to 40 hours is standard for a routine Social Security case." (EAJA Resp. 2). She argues that Plaintiff's counsel explained his experience and expertise in dealing with Social Security disability cases, and she asserts that an attorney so well qualified as he should not take so many hours to present a case such as this. Id., at 3. She argues that the briefing in this case was a "stream of consciousness" argument, and notes that the court stated in its opinion in this case that "[i]t is as if counsel perceives 'error at large' requiring remand whenever the ALJ fails to precisely follow the intricacies of Social Security law." (Ct's Opinion 4) (quoted in the Comm'r's EAJA Resp. at 3). She points out that in its opinion, the court complained that Plaintiff did not demonstrate that she was prejudiced by most of the technical errors she alleged. (EAJA Resp. 3) (citing the Ct's Opinion at 5-6). She argues, by way of example, that 5.25 hours is excessive in preparation of a Complaint, that 19 hours spent in two months (separated by two months without work) is excessive in preparing a Brief where only two pages address the issues which the court found meritorious, and 25.25 hours and a 29-page Reply Brief are excessive when only a small portion addressed the meritorious issues. Id. at 3-4. Finally, she argues that although "the record in this case was on the larger side, at 1153 pages," the issues argued were

-4-

"bread-and-butter issues" and do not justify the time expended, and the court should reduce the requested hours to 30.  Id. at 4-5.

Plaintiff's counsel argues that he did not represent Plaintiff before the Social Security Administration and was therefore not familiar with Plaintiff's case or the administrative record before he took Plaintiff's case shortly before the deadline for filing a Complaint in the district court.  (Doc. 36, pp.1-2) (hereinafter EAJA Reply).  He argues that the administrative record is over 1,100 pages, and when coupled with his unfamiliarity with the record, necessitated additional time to brief.  Id. at 2.  Counsel argues that although present in many Social Security cases, the issues present here were fact-intensive and not routine.  Id. at 2-3.  He argues that counsel's experience and expertise with Social Security cases did not make factual development of the arguments less time-consuming because he was not familiar with the record in this case.  Id. at 4.  Moreover, he argues that even though several of his arguments did not prevail, he did not engage in unreasonable dilatory conduct and did not argue in bad faith.  Id.  Finally, counsel argues that the Commissioner's complaint that counsel spent an unreasonable time preparing the Complaint inappropriately suggested that the two-and-one-half hours "which was  for evaluating the case to determine whether an appeal had merit and communication with Plaintiff about the appeal" was an unreasonable addition of time to that required for filing the Complaint.  Id. at 5.

    **B.**    **Analysis**

The court agrees with Plaintiff that in a case such as this which counsel first took a matter of days before the limitations period ran, in which the administrative record is over 1,100 pages, and in which counsel did not represent Plaintiff before the Social Security Administration, it is appropriate to allow time to evaluate the case and to become familiar with the record when filing the Complaint and preparing the Social Security Brief. However, it is also evident that in the Social Security Brief counsel was arguing for remand based on technical errors in applying the law, without demonstrating prejudice resulting from those errors, and was apparently seeking a <u>de novo</u> evaluation of disability by the court. (Ct's Opinion 4-6). Moreover, the court finds that Plaintiff's 29-page Reply Brief on which counsel expended twenty five and one-fourth hours was primarily a document in which she repeated what the agency had argued, presented a rehash of arguments from her Social Security Brief, and argued why her view of the evidence should be preferred over the ALJ's view, without demonstrating that the record could not support the ALJ's findings.

The court does not find that the issues are so unique as to take this case out of the range of a "typical" Social Security case demanding thirty to forty hours. Although the issues were clearly fact-intensive as Plaintiff asserts, that assertion is true of every Social Security case, and by itself provides no basis to increase the fee in a particular case. Moreover, the fact that counsel began working on Plaintiff's Social Security Brief and then left it for over two months (July 6, 2015 - September 13, 2015) no doubt required time to review the record and the brief, and unreasonably increased the time expended.

As judges in this district have noted for more than twenty years, a typical number of hours claimed in EAJA applications in "straightforward" disability cases is between thirty and forty hours.  See Chisholm v. Astrue, No. 13-1276-SAC, 2015 WL 474345, at *1-2 (D.Kan. Feb. 5, 2015) (reducing time from 54.55 hours to 43.8 hours); Edwards v. Astrue, No. 07-2157-KHV, 2008 WL 4066100 (D.Kan. Aug. 28, 2008) (reducing time from 44.25 hours to 40 hours); Brooks v. Barnhart, No. 04-2526-CM, 2006 WL 3027975, *2 (D.Kan. Sept. 25, 2006) (reducing time from 52 hours to 40 hours); Nave v. Barnhardt, No. 03-2076-JWL, 2003 WL 22300178, *2 (D.Kan. Oct. 7, 2003) (granting a fee request for 28.4 hours as well within the time for a typical Social Security case); Peoples v. Shalala, 1995 WL 462213, at *2 (D.Kan. July 27, 1995) (where nothing about the case appeared to warrant an "extra" expenditure of time, court would not permit plaintiff's counsel to recover more than the "typical" amount of hours expended-between thirty and forty); Austin v. Shalala, 1994 WL 114845, at *2 (D.Kan. Apr. 1, 1994) (finding recovery for 40 hours of total time expended is reasonable for typical social security case).

In normal circumstances, the court would find this case justified the expenditure of 30 hours for an attorney with the experience of Plaintiff's counsel who had also handled the case before the Commissioner.  Because Plaintiff's counsel did not handle this case before the Commissioner, the court finds that it is appropriate to allow an additional five hours for counsel to become familiar with the case.  Therefore, the court grants Plaintiff's application for fees to the extent of 35 hours.  Using the "CPI Inflation Calculator" as

provided by Plaintiff results in an allowable fee cap of $190.62 per hour, and when applied to a reasonable expenditure of 35 hours results in a fee award of $6,671.70.

**IT IS THEREFORE ORDERED** that plaintiff's "Application for Attorney Fees under the Equal Access to Justice Act" (Doc. 31) be GRANTED in part and DENIED in part, and that fees be awarded in the sum of $6,671.70.

Dated this 8th day of August 2016, at Kansas City, Kansas.

                                          s:/ John W. Lungstrum
                                          **John W. Lungstrum**
                                          **United States District Judge**